INHABITANTS OF BIDDEFORD *vs.* ANDREW ALLEN.

York.   Opinion February 22, 1928.

*Willard & Ford,* for plaintiff.
*Emery & Waterhouse,*
*Joseph R. Paquin,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, BARNES, BASSETT, PATTAN-
GALL, JJ.

BARNES, J.   During four seasons ending with the year 1925, the
defendant did construction work in resurfacing streets and side-
walks for the plaintiff city.   From time to time he was paid.

In its writ plaintiff alleges that overcharges, charges for work
that was not done by defendant, were made, and that upon nine
different dates it paid the defendant sums of money not due him.

At the trial no testimony was offered supporting the ninth count

in the writ, so that services paid for on eight occasions are subjects of scrutiny.

On these eight occasions, between July 21, 1922, and February 17, 1926, defendant received $45,940.50, and plaintiff contends that $4,273.50 of this total are overcharges and sues to recover that sum.

In all counts in the declaration, except the eighth, the measurements are claimed to be erroneous; in the eighth count plaintiff alleges that the charge, for patching, to the amount of one thousand dollars, was wholly without foundation, and that no amount was at that time due for patching.

From the printed testimony the jury would be warranted in believing that defendant had done, in each of the years specified in the bills that are alleged to be excessive, work on public ways of plaintiff to the value of fifty thousand dollars. It seems that he had apparatus sufficient in quantity and kind to do work to this amount.

He claimed to have been a contractor for thirty years, and yet he had no books of account or record from which he could produce data in defense. He claimed that about all he could do through education was to read and write, that he always had some one to help him in computing in figures; that he had bookkeepers and assistants on his contracts with plaintiff, but that he had none of the books at the time of the trial.

His defense was, in brief, that the Street Commissioner would designate a certain job, and, when he reported it done, the latter, in some instances under the eye of the Mayor, measured the work and computed its area. The figures were then submitted to the City Clerk, and in all but one instance a check was delivered him on the same or the succeeding day.

In passing it may be noted that neither Street Commissioner, City Clerk, Mayor, Committee of Accounts nor Treasurer, had any of the data upon which computations of street areas had been made.

The last payment was made on February 17, 1926, for work completed on October 31 of the preceding year.

All the payments were made during the official years of one Mayor.

After the election of another Mayor, in 1926, surveys of de-

fendant's work were made, and overcharges were deemed found for work charged and payed for on areas varying from fourteen square yards to seven hundred fifty-five square yards, and totalling an area of sixteen hundred ninety-one and four-ninths square yards, which work plaintiff says was never done.

The work on different streets was of varying kinds, and at different prices, but there is no contention as to the quality of the work done, nor as to unit prices.

Plaintiff sued for $4,273.50, the amount paid on the several areas which it found not covered; the jury returned a verdict for $4,250.00.

Defendant's bills for the several jobs, with checks issued in payment thereof, were introduced in evidence.

Three of the bills bear no signatures of the City Committee of Accounts, but the others seem to have passed through regular channels.

In the nature of things proof of what work plaintiff had done could be produced only after surveys, in 1926, of the jobs under suspicion.

The men who surveyed the various areas, for the City, were two, one a graduate civil engineer, of twelve years' experience, and the other an engineer's assistant, who for eight years had been employed by a civil engineer in making measurements, and had five or six years' experience in handling a transit instrument.

These men worked independently, and in some cases surveyed the same areas.

In addition to the testimony of these men, the jury heard that of a Street Commissioner of the City who served during some of defendant's working time, the defendant himself, and also a civil engineer from Portland, who measured certain areas shown him in 1926 by the defendant. There was variance in the findings of all who measured on the same streets. The defendant testified that on all jobs he was allowed by the City officials for less work than he actually had done.

A surveyor who, at the request of the defendant, measured a section for which defendant had been paid, as though it were five thousand square yards in area, testified that when defendant asked

him as to the area found here, "he made a statement he had five thousand yards he had got to find somewhere."

A bill presented to the City on September 2, 1925, "To patching Western Ave. and Upper Main St., $1,000.00," one of the three that do not bear the approval of the Committee of Accounts, was testified to by defendant. He said in answer to a question how much patching was done on Western Ave. and Main Streets, "I must have done twenty or twenty-five hundred dollars worth." At one time he testified that pretty near a thousand dollars' worth of patching was done on each street; and again that that thousand dollar patching was mostly on Western Avenue.

And when pressed as to the yardage, and why he made no record of it, left it with the jury with this statement, "I think it was kind of a lump sum."

The jury had before them another bill of defendant, also paid, of the selfsame date, for $1,035.03, "Western Ave. to Railroad."

There was testimony as to business connection between defendant and the Mayor of these fruitful years. This testimony was given by defendant.

Out of the mass of testimony a jury may find much that, if believed, furnishes sufficient foundation on which to base a verdict.

We can find nothing in the record to convince us that this jury failed in its duty, or that it erred in its finding.

*Motion overruled.*